UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY RALEIGH, individually and on behalf of all others similarly situated | * * * | CIVIL ACTION NO. 4:15-CV-2594 |
| VERSUS | * * | JUDGE SIM LAKE |
| IOS/PCI, LLC D/B/A INSPECTION OILFIELD SERVICES | * * | |

*************************************************************************

**JOINT MOTION FOR LEAVE OF COURT TO FILE
CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE UNDER SEAL**

Plaintiff, Larry Raleigh ("Plaintiff" or "Raleigh") and Defendant, IOS/PCI, LLC d/b/a Inspection Oilfield Services ("Defendant" or "IOS"), jointly file this Motion for Leave of Court to File Confidential Settlement Agreement and Release Under Seal and who, with respect, submits the following:

1.

The parties will be executing a Confidential Settlement Agreement and Release ("Agreement"). In this regard and without admitting any liability or wrongdoing, the parties agreed to amicably resolve all outstanding and disputed claims in the above-captioned lawsuit. Upon adjudication of this Motion, the parties will file a Joint Motion for Approval of Confidential Settlement Agreement and Release and Stipulation of Dismissal of the Lawsuit With Prejudice ("Motion to Approve Settlement").

2.

One of the material terms to settlement is that the Plaintiff and opt-in Plaintiffs, along with any eligible person who participates in settlement, must keep the terms and conditions of settlement and the amount of settlement confidential. The Agreement contains a specific

confidentiality provision which, with few exceptions, requires strict confidentiality.

3.

Additionally, the Settlement Agreement, as part of the recitals, sets forth specific financial information of the Defendant, which was part of the settlement negotiations and which was considered by the parties in settlement. In this regard, Defendant produced for inspection certain financial statements and information through the mediation process. Some of the financial information has been recited in the Agreement.

4.

Additionally, and in order to administer settlement, the parties have attached to the Agreement a list of all Level I Inspectors and Level II Inspectors who are eligible to participate in settlement. Because settlement will be administered by a third party administrator who will be responsible for mailing notices to participants, verifying participant identity, issuing the payment and making applicable tax withholdings and reportings, the list of participants includes personally identifying information, including dates of birth, social security numbers and addresses.

5.

Additionally, and as part of resolution, Defendant is making certain pay practice changes. These changes have been recited in the Agreement.

6.

Because this Honorable Court is required to review the Agreement in considering the parties' Motion to Approve Settlement, it is necessary that it be filed and presented to the Court. The parties move that the Agreement be filed and kept under seal.

7.

The parties submit that there is justified, if not compelling reasons, to allow the Agreement to be filed and maintained under seal.  First, the parties have agreed to confidentiality of the terms and conditions of settlement.  Each eligible participant will receive a notice providing information concerning settlement and affirming the confidentiality of settlement. Without filing the Agreement under seal, the confidentiality provisions and obligations in the Agreement will be rendered meaningless, thus undermining a material term and condition of settlement.  Not allowing the Agreement to be filed under seal may adversely affect resolution of this case and discourage litigants from being able to resolve contested and disputed litigation. Moreover, it may adversely affect the amount of settlement, which is not in the best interest of settlement participants.

8.

Additionally, the Settlement Agreement contains confidential and sensitive financial information of the Defendant, along with pay practices information.  If said information were made public, it could be used by Defendant's competitors and would give IOS's competitors information that it could not otherwise obtain.  This is clearly contrary to Defendant's legitimate business interests.

9.

Additionally, the Agreement presents personally identifying information of current and former employees of Defendant who have not yet joined this lawsuit.  This includes names, dates of birth, social security numbers and addresses.  Not allowing the Agreement to be filed under seal would make this sensitive and private information public. This is obviously contrary to the

best interests of the potential settlement participants, as it could facilitate identity theft.[1]

10.

Based on the foregoing and based on applicable legal standards, good cause exists for the granting of this Motion and for this Honorable Court allowing the Agreement to be filed and maintained under seal.  See *Lee v. Veolia ES Indus. Servs. Inc.*, No. 12-cv-00136 (E.D. Tex. Oct. 28, 2013) (granting motion for leave to file FLSA settlement agreement under seal); *Ray v. Tex. Home Health of Am., LP*, 9:12-cv-22, 2012 U.S. Dist. LEXIS 85363, at *1 (E.D. Tex. May 31, 2012); *Kaminski v. BWW Sugar Land Partners, Ltd*, 4:10-cv-551 (S.D. Tex. Oct. 26, 2011) (Miller, J.) (granting motion to file confidential settlement agreement under seal); *LaFan v. E+Healthcare, LLC*, 4:08-cv-01002 (S.D. Tex. Oct. 16, 2009) (Ellison, J.) (granting the parties' motion to seal their settlement agreement); see also *Maxwell v. G.R.A.C.E. Cmty Servs.*, 4:09-cv-03989 (S.D. Tex. Nov. 19, 2012) (Harmon, J.) (sealing record from the parties' settlement conference).

WHEREFORE, the parties respectfully request that this Motion be granted, that the parties be granted leave of court to file the Agreement under seal and that the Agreement be filed and maintained under seal.

---

[1] In fact, the E-Government Act of 2002 prohibits a party from filing pleadings or other documents which contain personally identify information, such as dates of birth, social security numbers and financial account information.

Respectfully Submitted:

s/Andrew Dunlap
Andrew Dunlap
State Bar No. 24078444
E-mail: adunlap@fibichlaw.com
Michael A. Josephson
State Bar No. 24014780
E-mail: mjosephson@fibichlaw.com
Fibich, Leebron, Copeland, Briggs & Josephson
1150 Bissonnet
Houston, TX  77005
Phone: (713) 751-0025
Fax: (713) 751-0030
Counsel for Larry Raleigh

Richard J. (Rex) Burch
Texas Bar No. 24001807
E-mail: rburch@brucknerburch.com
Matthew S. Parmet
Texas Bar No. 24069719
S.D. Tex. ID No. 1076547
LA #32855
Email: mparmet@brucknerburch.com
Bruckner Burch, PLLC
8 Greenway Plaza, Ste. 1500
Houston, TX  77046
Phone: (713) 877-8788
Fax: (713) 877-8065


s/Joel P. Babineaux
Joel P. Babineaux, LA#21455
E-mail: jbabineaux@bpasfirm.com
**Admitted Pro Hac Vice 11/30/15**
Karen T. Bordelon, LA #20114
**Admitted Pro Hac Vice 11/30/15**
E-mail: kbordelon@bpasfirm.com
Babineaux, Poché, Anthony & Slavich, L.L.C.
P.O. Box 52169
Lafayette, LA  70505
Phone: (337) 984-2505
Fax: (337) 984-2503
Counsel for IOS/PCI, LLC d/b/a Inspection Oilfield Services

Matthew S. Veech
Texas Bar No. 24000372
S.D. Tex. ID No. 268801
E-mail: mveech@boyarmiller.com
Boyar Miller
One Grove Street
2925 Richmond Ave., 14th Floor
Houston, TX  77098
Phone: (832) 615-4232
Fax: (713) 552-1758